IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
AT FORT WAYNE

**DONNA TINNERMON**
8680 SOUTHWEST 88 LOOP
OCALA, FLORIDA 34481

    AND

ROGER McKAY
5251 DREW RUN
TRUSSVILLE, ALABAMA 35173

    PLAINTIFFS

    - VS. -

REV RECREATION GROUP, INC.
1031 US 224 E, BOX 31
DECATUR, IN 46733

    DEFENDANT

CASE NO.

COMPLAINT AND JURY DEMAND

**PRELIMINARY STATEMENT**

1.   This case involves claims asserted under the Florida and/or Indiana Uniform Commercial Code, the Magnuson Moss Warranty Act, and the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201 et seq, and/or the Indiana Deceptive Consumer Sales Act, IC 24-5 et seq.

2. Jurisdiction exists with this court because a federal claim exists in which there is more than $50,000 in controversy under 15 USC 2301 et seq, invoking 28 USC 1331, and/or the amount in controversy is more than $75,000 and is between citizens of different states, invoking 28 USC 1332.

3. The vehicle which is the subject of this dispute was acquired by Plaintiffs in Florida and was defective when acquired; ineffective repair attempts were made upon the subject vehicle by defendant's authorized representative dealership in Florida; the place where the relationship of the parties arose is Florida because the warranty obligations of Defendant were received by Plaintiffs with the purchase of the subject RV in Florida and Defendant directly interacted with Plaintiffs in Florida.

## IDENTIFICATION OF PARTIES

4. Donna Tinnermon is a natural persons domiciled and residing in Florida and is a consumer and buyer within the meaning of applicable laws.

5. Roger McKay is a natural persons domiciled and residing in Alabama and is a consumer and buyer within the meaning of applicable laws.

6. Defendant is a corporation authorized to do business and doing business in Indiana and Indiana and whose principal place of business is in Indiana and is a warrantor of a recreational vehicle that Plaintiffs acquired and a supplier and a merchant.

## FIRST CLAIM: BREACH OF WARRANTY AND/OR CONTRACT

7. This case involves a defective 2017 Holiday Rambler Vacationer recreational vehicle that Defendant warranted and contracted to warrant but which it was not able to repair within a reasonable number of chances or a reasonable amount of time and whose warranty and/or contract Defendant breached.

8. The allegations of all other paragraphs and claims in this pleading are incorporated as if fully rewritten herein.

9. This claim is for breach of express and/or implied warranty and/or contract by Defendant in Florida and/or Indiana.

10. As a result of the above, and the allegations below, inter alia, Defendant breached its warranty and/or contract to the injury of Plaintiffs and that was abusive and/or unfair and/or deceptive and/or unconscionable to Plaintiffs.

11. At all times relevant, Alliance Coach was a supplier and merchant and an authorized representative and agent of Defendant. Alliance Coach was authorized by Defendant to act for it in all respects related to warranty repair work performed or attempted on the subject vehicle. Plaintiffs acquired the subject RV from Alliance Coach, and the RV was subject to repair under Defendant's warranty at Alliance Coach.

12. On or about July 3, 2018 the parties entered into a consumer

transaction, in that Plaintiffs agreed to acquire from Alliance Coach, and Alliance Coach agreed to sell to Plaintiffs, under the terms of a Retail Installment Contract and Security Agreement, and Defendant contracted and/or agreed to warrant the vehicle to be free from defects and/or that it would repair and/or replace any defect which it contracted and/or warranted against, the goods being a certain 2017 Holiday Rambler Vacationer recreational vehicle believed to bear VIN # 1F66F5DY9H0A08800, and whose total cost was about $118,000.

13. Plaintiffs acquired the vehicle in reliance on the existence of a written warranty and/or contract from Defendant and on advertising representations and/or warranties of Defendant.

14. The purpose of Defendant's warranty was to get the RV fixed within a reasonable amount of time and within a reasonable number of attempts if a defect arose. A secondary purpose of the Defendant's warranty was to give Plaintiffs confidence in the reliability and quality of the RV. Another secondary purpose of the Defendant's warranty was to give Plaintiffs confidence in the Defendant as a company.

15. After acquiring the vehicle, Plaintiffs discovered that it did not conform to the representations of Defendant inasmuch as it developed continuing malfunctions, defects and problems and that was abusive and/or unfair and/or deceptive and/or unconscionable to Plaintiffs.

16. The defects in the RV included, but are not limited to, Kitchen Slide Tilts Downward When Extended, Cabinets Pop Open in Transit, Scratch Marks in Paint, Bedroom Sliding Door Off Track, Sliding Door Panel Loose, Stain in Bathtub, Slide Room Inoperative, Cabinet Door Damaged, Excess Wood Putty on Wall, CB Inoperative, Excessive Heat from Dog House, Condensation on Dash from Dash A/C, Bathroom Door Guide Loose, Rain Gutters Don't Keep Water Off of Windows or Mirrors, P/S Bedroom Slide Paint Need Touched Up, Storage Bay Doors Sharp to Touch, Need Crown Molding, Kitchen Slide Tore off Cabinet Door & Damaged Tile, Daylight at Bottom of Bedroom Slide, Lights Flicker When Generator On, Gutter Extension Too Short, Battery Won't Hold Charge, Stairs Fell Off, Crack at Base of Toilet, Battery Won't Hold Charge, Roof A/C Not Cooling, Awning Stuck in Down Position, Levelers Stick, Entry Steps Noisy and Stick, Refrigerator and Freezer Do Not Stay Cold, Bedroom Slide Will Not Retract, and Living Room Slide Leaks, among other things.

17. Because of the contract and/or warranty-covered defects, Plaintiffs notified Defendant and/or one of its authorized servicing dealers of the numerous defects and on various dates delivered the motor coach into the possession of Defendant and/or one of its authorized servicing dealers at their cost and/or expense beginning on the date of purchase.

18. The RV went into the factory warranty authorized repair shop on July 27, 2018 for about 11 days for repair of the following defects under Defendant's warranty:

- Roof A/C Not Cooling;
- Kitchen Slide Tilts Downward When Extended;
- Crack at Base of Toilet;
- Cabinets Pop Open in Transit;
- Scratch Marks in Paint;
- Bedroom Sliding Door Off Track;
- Sliding Door Panel Loose; and
- Stain in Bathtub.

19. In September of 2018 the RV was back in the same factory authorized repair facility for another 191 days for repair of the following defects under Defendant's warranty:

- Slide Room Inoperative;
- Cabinet Door Damaged;
- Excess Wood Putty on Wall;
- CB Inoperative;
- Excessive Heat from Dog House;
- Condensation on Dash from Dash A/C;
- Bathroom Door Guide Loose;
- Rain Gutters Inoperative;
- P/S Bedroom Slide Paint Need Touched Up;
- Storage Bay Doors Sharp to Touch;
- Kitchen Slide Tore off Cabinet Door & Damaged Tile;
- Daylight at Bottom of Bedroom Slide;
- Lights Flicker When Generator On;
- Gutter Extension Too Short;
- Battery Won't Hold Charge;
- Stairs Fell Off;
- Crack at Base of Toilet;
- Battery Won't Hold Charge;
- Roof A/C Not Cooling;
- Storage Bay Doors Sharp to Touch;
- Kitchen Slide Tore off Cabinet Door & Damaged Tile;

- Daylight at Bottom of Bedroom Slide;
- Lights Flicker When Generator On;
- Gutter Extension Too Short;
- New AC;
- Stairs Fell Off;
- New Toilet; and
- Battery Won't Hold Charge.

20. Starting in November of 2018, Plaintiffs had multiple calls and texts with Defendant and its authorized dealer asking for help with the RV and during most if not all of these, Plaintiffs were in Florida.

21. After being in the repair shop 2 times and being out of service a total of about 202 days total and accumulating about 37 defects since its acquisition, Plaintiffs notified Defendant that they wanted their money back but Defendant would not do that.

22. Prior to filing this case, Plaintiffs provided notice to Defendant about its abusive and/or unfair and/or deceptive and/or unconscionable acts, practices and failures to live up to its warranty and/or contract.

23. Instead of performing as represented, Defendant did not repair all defects in the vehicle once and for all time.

24. As a result Defendant breached its express and/or implied warranties and/or contract and committed one or more abusive and/or unfair and/or deceptive and/or unconscionable acts and/or practices which are uncured.

25. As a result, Defendant's warranty and/or contract failed of its essential

purpose and any limitations contained within the warranty and/or contract are null and void and Plaintiffs are entitled to all applicable legal and equitable remedies in law.

26. In addition, any limitations contained within the warranty and/or contract are null and void and without consideration and Plaintiffs are entitled to all applicable legal and equitable remedies in law.

27. Through its advertising and otherwise, Defendant represented that the recreational vehicles it built were fit for the purpose for which they were designed, that they are safe and suitable vehicles for their intended designed use, reliably operable for private transportation and Plaintiffs acquired the vehicle in reliance upon the belief that Defendant possessed a high degree of manufacturing skill and judgment.

28. Through its advertising and otherwise, Defendant represented that the recreational vehicles which it manufactured were of merchantable quality, fit and in proper condition for the ordinary use for which such vehicles are designed and used, and Plaintiffs relied on such, but the vehicle involved in this case was not, however, of merchantable quality and that was abusive and/or unfair and/or deceptive and/or unconscionable to Plaintiffs.

29. The malfunctions and defects in the vehicle severely and substantially impaired its use and/or safety and/or value to Plaintiffs and that was

abusive and/or unfair and/or deceptive and/or unconscionable to Plaintiffs.

30. Defendant's failure to timely fix all of the vehicle's defects has caused Plaintiffs to lose confidence in the reliability of the subject motor vehicle and in the ability of defendant to repair the vehicle's defects and that was abusive and/or unfair and/or deceptive and/or unconscionable to Plaintiffs.

31. Plaintiffs provided Defendant and/or one or more of its authorized dealers with a reasonable number of opportunities to repair the vehicle but they have each neglected, failed, refused or otherwise been unable to do so within a reasonable amount of time or a reasonable number of attempts.

32. As a result of the above facts, Defendant breached its warranties and/or contract and/or representations with respect to the vehicle.

33. One or more of the defects and malfunctions in the vehicle were covered under the terms of defendant's warranties and/or contract, and Defendant failed to repair the vehicle, thereby diminishing the use and/or safety and/or value of the vehicle and that was abusive and/or unfair and/or deceptive and/or unconscionable to Plaintiffs.

34. Defendant and/or one or more of its authorized dealers had notices of the breaches of the warranty and/or contract and the defective condition

of the subject motor vehicle within a reasonable time.

35. Plaintiffs suffered and shall continue to suffer actual, incidental and consequential damages as a direct and proximate result of the inability or other failure of Defendant's authorized representatives to repair or replace the vehicle or refund its price and that was abusive and/or unfair and/or deceptive and/or unconscionable to Plaintiffs.

### SECOND CLAIM: MAGNUSON MOSS WARRANTY ACT

36. The allegations of all other paragraphs and claims in this pleading are incorporated as if fully rewritten herein.

37. This claim is for breach of express and/or implied warranties and/or contract of warranties and/or Defendant's violation of its obligations under the Magnuson-Moss Warranty Act, 15 U.S.C. 2301, et seq, including but not limited to its obligations to comply with its warranties and/or contract and/or to make its warranty term disclosures and its actions in full compliance with all provisions of the Warranty Act and its applicable regulations.

38. As a result of the above, among other things, Defendant has breached its obligations under the Warranty Act and/or its applicable disclosure and/or other regulations and that was abusive and/or unfair and/or deceptive and/or unconscionable to Plaintiffs.

39. As a result of the allegations set for in the first claim and also above,

       among other things, Defendant breached its express and/or implied warranties without legal excuse and that was unfair, and/or abusive, and/or deceptive and/or unconscionable to Plaintiffs.

40. As a result of the above, inter alia, Defendant is in violation of the Warranty Act.

### THIRD CLAIM: UDAP LAWS

41. The allegations of all other paragraphs and claims in this pleading are incorporated as if fully rewritten herein.

42. This claim is for violation of applicable state Udap laws, being the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201 et seq, and the Indiana Deceptive Consumer Sales Act, IC 24-5 et seq, by Defendant.

43. As a result of the above and the following paragraph, among other things, one or more unfair, unconscionable, unfair or deceptive acts or practices were committed by Defendant in the conduct of a trade or commerce in or affecting Florida and/or Indiana.

44. As a result of the above, among other things, one or more abusive and/or unfair and/or deceptive and/or unconscionable acts, omissions, or practices were committed by Defendant and remain uncured, including but not limited to:

    1. Representing that the subject of a consumer transaction has

performance, characteristics, accessories, uses, or benefits it does not have which the supplier knows or should reasonably know it does not have

    2. Representing that the subject of a consumer transaction is of a particular standard or quality when it is not and the supplier knows or should reasonably know that it is not

    3. Representing that the transaction involves or does not involve a warranty and/or contract, a disclaimer of warranties, or other rights, remedies or obligations when the representation was false and the supplier knows or should reasonably know that the representation is false

    4. Representing that the supplier is able to deliver or complete the subject of the consumer transaction within a stated period of time when the supplier knows or should reasonable know the supplier could not

    5. Breach of express and/or implied warranties and/or contract

    6. Violation of the Magnuson Moss Warranty Act and/or its applicable regulations

    7. Violation of other consumer protection statute(s)

    8. Failing to remedy defects in a warranted vehicle within a reasonable number of attempts

    9. Failing to remedy defects in a warranted vehicle within a reasonable amount of time

    10. Failing to honor a request to take the vehicle back and/or rescind

and/or cancel the sales and warranty and/or contract transaction

11. Failing to honor a request to take the vehicle back and rescind and/or cancel the sales and warranty and/or contract transaction within a reasonable amount of time

12. Including one or more unconscionable and/or unreasonable terms in the written warranty and/or contract document(s)

13. Stalling and/or delaying the performance of a legal obligation

14. Representing that defects have been repaired when in fact they were not

15. Representing the supplier is able to deliver or complete the subject of a consumer transaction within a stated period of time when the supplier knows or reasonably should know the supplier could not

16. Soliciting a person to enter into a contract or agreement that contains terms that are oppressively one sided or harsh and/or in which the terms unduly limit the person's remedies, and/or in which the price is unduly excessive, and there was unequal bargaining power that let the person to enter into the contract or agreement unwillingly or without knowledge of the terms of the contract or agreement

17. Refusing to recognize the rights of buyers under the Uniform Commercial Code when the only remedy afforded by its limited warranty failed of its purpose

18. Knowingly distributing goods for retail sale to consumers that it knows or should know are defective without disclosing such

19. Knowingly distributing goods for retail sale to consumers that it knows or should know are likely to be defective without disclosing such

20. Knowingly distributing goods for retail sale to consumers that it knows or should know will become defective after receipt by the retail seller and before purchase by the retail buyer without disclosing such

21. Knowingly distributing goods for retail sale to consumers that it knows or should know are likely to become defective after receipt by the retail seller and before purchase by the retail buyer without disclosing such

22. Knowingly distributing goods for retail sale to consumers that it knows or should know will become defective during the first year after purchase by the retail buyer without disclosing such

23. Knowingly distributing goods for retail sale to consumers that it knows or should know are likely to become defective during the first year after purchase by the retail buyer without disclosing such

24. Failing to make replacement of warranted defective parts available to a consumer within a reasonable time

25. Failing to make a refund of the cost of warranted goods when it has failed to make replacement of warranted defective parts available to a consumer within a reasonable time.

45. As a result of the above, inter alia, Defendant committed one or more abusive and/or unfair and/or deceptive and/or unconscionable acts, omissions, or practices in violation of applicable state Udap laws, before, during or after a consumer transaction between one or both Plaintiffs and a supplier in relation to the 2017 Holiday Rambler Vacationer.

**WHEREFORE**, judgment is demanded against Defendant as deemed proper and lawful by the Court, cumulatively and/or alternatively as follows:

### PRAYER FOR RELIEF

1. On the first claim, statutory and other damages, remedies, and relief as deemed proper and lawful by the Court, for more than $50,000 and in such amount as may be proven at trial;

2. On the second claim, statutory and other damages, remedies, and relief as deemed proper and lawful by the Court, for each and every violation that may be proven at trial;

3. On the third claim, damages and/or statutory damages, and other damages, remedies, and relief as deemed proper and lawful by the Court, for each and every violation that may be proven at trial;

### ALTERNATIVE PRAYER FOR RELIEF

Or, in the alternative to the damages set forth in the prayer above on any appropriate claim as proven by the evidence and allowed by law, rescission and/or revocation of acceptance plus all damages and/or statutory remedies

and relief as deemed proper, equitable and lawful by the Court, for each and every violation which may be proven at trial;

**Plus** on each and every claim, expenses of suit and litigation, interest from the date of acquiring the RV, and an Order finding Plaintiffs to have rescinded and/or revoked acceptance, reasonable attorney fees, plus all costs, and any and all other legal and equitable relief deemed necessary and just.

Plaintiffs demand trial by jury on all claims and issues.

Respectfully submitted,

/s/ Elizabeth Ahern Wells\
ELIZABETH AHERN WELLS\
RONALD L. BURDGE\
Attorneys for Plaintiffs\
8250 Washington Village Drive\
Dayton, OH 45458-1850\
Telephone:	937.432.9500\
Fax:	937.432.9503\
Email:	Beth@BurdgeLaw.com

Z:\data\Tinnermon, Donna & Roger McKay\Core Pleadings\Core Complaint 072219 bw.wpd