UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **DONNA TINNERMON,** *et al.*, | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | )  No. 1:19-cv-00336-HAB-SLC |
| | ) |
| **REV RECREATION GROUP, INC.,** | ) |
| | ) |
| **Defendant.** | ) |

## OPINION AND ORDER

Before the Court is a joint motion for protective order seeking the Court's approval and entry of a proposed protective order agreed to by the parties (submitted to Chambers via email) pursuant to Federal Rule of Civil Procedure 26(c).  (ECF 28).  Because the proposed order is inadequate in various ways, the motion will be DENIED.

Rule 26(c) allows the Court to enter a protective order for good cause shown.[1]  *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999). A protective order, however, must only extend to "properly demarcated categor[ies] of legitimately confidential information."  *Id.*; *see MRS Invs. v. Meridian Sports, Inc.*, No. IP 99-1954-C-F/M, 2002 WL 193140, at *1 (S.D. Ind. Feb. 6, 2002) (rejecting proposed protective order because categories of protected information were overly broad and vague); *Cook, Inc. v. Boston Sci. Corp.*, 206 F.R.D. 244, 248-49 (S.D. Ind. 2001) (same).

---

[1] "[T]he same scrutiny is not required for protective orders made only for discovery as for those that permit sealed filings." *Containment Techs. Grp., Inc. v. Am. Soc'y of Health Sys. Pharmacists*, No. 1:07-cv-997-DFH-TAB, 2008 WL 4545310, at *3 (S.D. Ind. Oct. 10, 2008); *see also Baxter Int'l, Inc. v. Abbot Labs.*, 297 F.3d 544, 545 (7th Cir. 2002) ("Secrecy is fine at the discovery stage, before the material enters the judicial record.  But those documents, usually a small subset of all discovery, that influence or underpin the judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality." (citations omitted)).  Because the proposed order in this case appears to contemplate sealed filings, it requires a higher level of scrutiny.

Here the proposed order seeks to protect material "that contains information regarding the wholesale pricing of the subject recreational vehicle and/or its components." This definition of "confidential" in paragraph 2 of the oproposed order is overly broad because the proposed order should include a method for redaction, so that documents containing some confidential information are not filed under seal in their entirety. *See Cincinnati Ins. Co.*, 178 F.3d at 945 (stating that an order sealing documents containing confidential information is overly broad because a document containing confidential information may also contain material that is not confidential, in which case a party's interest in maintaining the confidential information would be adequately protected by redacting only portions of the document).

Another problem is that the proposed order's process for the return and destruction of confidential information in paragraphs 8(b) and (c) does not provide an exception for the Court. The Court will not return or destroy any documents that have been made part of the record, whether under seal or otherwise.

Finally, as a point of clarification, while the parties agree that the proposed order should remain in force after the termination of the suit as set forth in paragraph 8(a), the Court will not retain jurisdiction over any such order, as the Court is unwilling to enter a protective order that suggests it retain jurisdiction of any kind after resolution of the case. *See EEOC v. Clarice's Home Care Serv., Inc.*, No. 3:07-cv-601 GPM, 2008 WL 345588, at *2 (S.D. Ill. Feb. 7, 2008) (encouraging the parties to make a contractual agreement among themselves for the return of sensitive documents without court oversight); *see also Large v. Mobile Tool Int'l, Inc.*, No. 1:02-CV-177, 2010 WL 3120254, at *1 (N.D. Ind. Aug. 6, 2010).

For these reasons, the Court DENIES the joint motion for protective order (ECF 28)

2

without prejudice and declines to enter the parties' proposed agreed protective order. The parties may submit another motion with a revised proposed protective order consistent with the requirements of Rule 26(c) and Seventh Circuit caselaw.

SO ORDERED.

Entered this 7th day of December 2020.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge